## HIGGINS *v.* McDONALD *et al.*

SUIT on note and mortgage executed by defendants to Sloss & Co., and assigned to plaintiff after maturity. Defendant McD. avers in his answer, that the consideration for the note and mortgage was received by his codefendants, and that he executed the same for their accommodation; that the assignment to plaintiff was a fraud on him, McD., and that the consideration of the assignment was paid in whole or in part with money advanced by his codefendants for that purpose; that he also deposited with Sloss & Co., as additional security, certain notes or "scrip" issued by the "Camp Far West Water and Mining Co.," and that prior to the assignment to plaintiff, Sloss & Co. converted

Higgins *v.* McDonald.

these notes to their use, and refuse to account for them : *Held*, that if the averment as to the consideration for the assignment be true, the amount advanced by McD.'s codefendants should be credited on the note and mortgage, and the recovery be limited to the sum actually paid by plaintiff; that if the codefendants paid the whole, the debt was discharged and plaintiff cannot recover.

*Held, further,* that the equities of the parties might be different, if, as between the defendants, McD. were liable for any portion of the indebtedness.

*Held, further,* that as to the notes or "scrip" held by Sloss & Co. as additional security, the rights of McD. are the same as they would be in an action prosecuted by Sloss & Co., and that plaintiff—being chargeable with notice of the equities between McD. and Sloss & Co.—must credit his note and mortgage with the value of this "scrip."

APPEAL from the Tenth District.

The facts sufficiently appear in the opinion of the Court.    The questions passed on arose mainly by the rejection of evidence offered by defendant McDonald.    Plaintiff had judgment below against all the defendants, of whom there were three, for the full amount of the note.    Defendant McDonald appeals.

*Chas. E. Filkins*, for Appellant.

*Heydenfeldt*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action upon a note and mortgage for $3,000, executed by the defendants to Lewis Sloss & Co., and assigned to the plaintiff after maturity.    The defendant McDonald avers, in his answer, that the consideration for this note and mortgage was received by the other defendants, and that he executed the same for their benefit and accommodation.    He further avers that the assignment to the plaintiff was a fraud upon his rights, and that the consideration for the assignment was paid, either in whole or in part, with money advanced by the other defendants for that purpose.    He also avers that he deposited with Sloss & Co., as additional security, certain notes or "scrip" issued by the Camp Far West Water and Mining Company, and that, prior to the assignment to the plaintiff, Sloss & Co. converted these notes to their use, and refuse to account for them in any manner whatever.    The question is as to the validity of these defenses.

If the averment relative to the consideration for the assignment be true, the amount advanced by the codefendants of McDonald should be entered as a credit upon the note and mortgage, and the recovery limited to the amount actually paid by the plaintiff.   If the defendant paid the whole, such payment satisfied and discharged the debt, and the plaintiff cannot recover.   The equities of the parties might be different, if, as between the defendants, McDonald were liable for any portion of the indebtedness.

So far as the notes held by Sloss & Co. as additional security are concerned, there is no doubt that the rights of McDonald are the same that they would be in an action prosecuted by Sloss & Co.; nor is there any doubt that in such an action Sloss & Co. could be compelled to account for the value of these notes.   The plaintiff is chargeable with notice of all the equities existing between the original parties, and he took the assignment subject to these equities. It would be an act of gross injustice to compel McDonald to pay this debt, and to turn him over to his action against Sloss & Co. to recover the value of the securities.   He is entitled to this value as a credit upon the debt for which the securities were pledged.

Judgment reversed, and cause remanded for a new trial.